

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Gibb Gilchrist, President
Agricultural and Mechanical College of Texas
College Station, Texas

Dear Sir:

Opinion No. 0-7277
Re: Authority to transfer
portion of General Appropria-
tion to Scholarship Aid Fund,
and validity of deficiency
appropriation therefor.

We are in receipt of your letter of June 5, 1946, in which you submit, on behalf of Prairie View State Normal College, the following questions to this department for our opinion:

(1) "The first question as propounded by Principal Banks is whether the sum of $10,000.00, not to be used for instruction in the present appropriation bill might, under its provisions, be transferred to Item 179 for scholarship aid.

(2) "If the answer to this question is in the negative, are the provisions of the Constitution and the Statutes of this State, together with the limitations of the present appropriation bill, such as to warrant the issuance of a deficiency appropriation by the Governor should he be willing to do so, in an amount necessary to cover this deficit?"

Item 179 of the appropriation to Prairie View State Normal and Industrial College, contained in Chapter 377, of the General and Special Laws of the 49th Legislature, reads as follows:

"179. Scholarship aid to qualified Negro students who have been residents of Texas more than eight years for graduate and professional study in approved colleges or universities outside of Texas; schools and students to be selected by a committee composed of the dean of the graduate schools of A. and M. College, University of Texas, and the Dean of Sam Houston State Teachers College. The Director of the Division of Negro Education of the State Department of Education shall serve as Executive Secretary of said Committee.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"For the years Ending
August 31,    August 31,
1946              1947

$25,000.00    $25,000.00"

According to your letter, there is a deficit of $14,849.46 for the fiscal year ending August 31, 1946, as regards the funds appropriated in Item 179, such deficit resulting from an unexpectedly large enrollment of applicants for Scholarship Aid in the 1946 Summer Session. Quoting from the remarks of Principal Banks as set forth in your letter:

"Due to the manpower shortage it was not possible for us to employ, in several cases, for graduate instruction teachers with the necessary preparation and, in consequence, a considerable amount of our appropriation has lapsed. I am recommending that a sum not to exceed $15,000.00 be designated to cover this deficit so that these applicants may have the opportunity to attend school this summer. I am not certain this can be done but the situation is of such importance that it would amply justify an effort."

It is our understanding from the above quoted statements in your letter that authority is sought to transfer the sum of $15,000.00 from unexpended funds appropriated to salaries for the fiscal year ending August 31, 1946, to cover the aforementioned deficit of funds appropriated to the Scholarship Aid Fund, Item 179.

The fourth paragraph of sub-section (2) Salary Provisions, of the General Rider to the Educational Appropriation Bill (Acts of 1945, 49th Legislature, at page 803) reads as follows:

"The board of regents or directors within their discretion and with good reason, may pay smaller salaries than those itemized herein, and may make such changes and substitutions within the totals for salaries as may be found necessary, and are authorized to transfer items or parts of items provided that the total sum to be paid for salaries out of this appropriation shall not exceed the total amount appropriated for salaries; provided further that this authority may not be used to increase the salaries of positions itemized in this bill through the use of funds appropriated for salaries herein." (Emphasis ours)

Honorable Gibb Gilchrist, Page 3

Construction of the above sub-section has been made in several previous opinions of this department.

In Opinion No. O-4043, ruling on a question as to whether salary appropriations for the various Medical Branches of the University of Texas may be considered as one total appropriation for the purpose of making salary changes and substitutions, the above provision was quoted and the following statement made:

"The underscored words in the preceding paragraph are clear and explicit, and control our answer to the question submitted. They clearly show that such changes and substitutions must be 'within the totals for salaries,' as shown under separate totals. Such totals are not to be considered as one total appropriation for the purpose of making salary changes and substitutions.

"For example, the regents may make changes and substitutions and transfer items or parts of items within the total for salaries appropriated for the School of Medicine; but such changes, substitutions and transfers cannot be made at the expense of the School of Medicine and for the benefit of the College of Nursing or of John Sealy Hospital or of any other unit of the Medical Branch, and vice versa."

Again, in deciding the authority of the University of Texas to transfer salary items, our Opinion No. O-3043 held as follows:

"An essential function of an appropriation is to set apart a certain sum of money to be used for a certain purpose and for no other purpose. It follows that a salary appropriated for one purpose may not be used for another purpose in the absence of authority from the Legislature to do so."

By virtue of the above-quoted statutory provisions and previous rulings of this department, it is our opinion that no authority exists to transfer unexpended funds from salary items to the scholarship aid item in the general appropriation to Prairie View College, and therefore your first question is regretfully answered in the negative.

Your second question, regarding the authority of the Governor to approve a deficiency appropriation to cover the above-described deficit in the scholarship aid fund is referable to

Honorable Gibb Gilchrist, Page 4


Articles 4351 and 4351a (RCS 1925) and Article III, Section 49 of the Constitution.

The Honorable Ocie Speer of this department, in Conference Opinion No. O-2118, carefully analyzed the above-mentioned Constitutional and Statutory enactments, stating the following rule which we believe to be applicable to the present question:

"We deduce the following as a legal rule or formula to govern the issuance of deficiency warrants. When the Legislature has made a specific appropriation for a purpose and thereafter there arises a casual deficiency in the revenues thus appropriated, the Governor, upon proper application therefor by one clothed with the power to incur such indebtedness on behalf of the State, may approve a claim for a deficiency warrant to extend to the next session of the Legislature or to the beginning of the next fiscal year.

"Mere necessity for additional revenues is never the casual deficiency that would authorize a warrant. The deficiency must have been unforeseeable when the appropriation was made. The casual deficiency may arise, however, with respect to any specific appropriation where the intention of the Legislature is to provide for a definite service, supply or project, rather than to appropriate a limited sum to be expended for a stated purpose. See State v. Haldeman, 163 S.W. 1020." (Emphasis ours)

In our opinion, Item 170, the Scholarship Aid Fund of Prairie View State Normal College, exemplifies just such an intention on the part of the Legislature to provide for a definite service or project as is anticipated by the rule stated above in the language of Judge Speer. We, therefore, hold that the Governor is empowered by Articles 4351 and 4351a (RCS 1925), upon proper application therefor, to grant in his discretion and within the further limitations of such Articles, approval for a deficiency appropriation as described in your letter.

We answer your second question in the affirmative.

Honorable Gibb Gilchrist, Page 5

        Trusting that our answers will have been satisfactory to you, We are

                        Very truly yours

                  ATTORNEY GENERAL OF TEXAS

APPROVED JUN 20 1940

                By

FIRST ASSISTANT
ATTORNEY GENERAL

                      W. M. Blanton, Jr.
                          Assistant

WMB/Jme

APPROVED OPINION COMMITTEE BY BWB